UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LOUIS J. GRIPPI, | ) | CASE NO.1:12CV00072 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| CITY OF ASHTABULA, ET AL., | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court upon Defendants' AFSCME Local 1197 and Ohio Council 8 Motions to Dismiss For Lack of Subject Matter Jurisdiction, Failure to State a Claim, and Insufficiency of Service (Doc. 9), and Plaintiff's Motion for Leave to Amend Complaint (Doc. 16).  For the following reasons, the Court grants Defendants' Motion to Dismiss, with respect to the claims against the Union Defendants, and denies Plaintiff's Motion for Leave to Amend.

**BACKGROUND FACTS**

According to Plaintiff's Complaint, Louis J. Grippi ("Plaintiff") was employed by Defendant, City of Ashtabula ("City") and Defendant Anthony Cantagallo ("Manager"), City Manager of Ashtabula.  Plaintiff was hired in 2006 as a driver for the sanitation department. Plaintiff is a member of Defendant, Local Union 1197, which is associated with Defendant, Ohio Council 8 (collectively "Unions").  On December 27, 2008, Plaintiff was injured on the job. From December 27, 2008 until April 3, 2009, Plaintiff worked in "transitional duty".  On April 3,

1

2009, Plaintiff was laid off.

According to Plaintiff's Collective Bargaining Agreements ("CBA") with the City and Unions, layoffs were to be made on the basis of seniority.  Therefore, a laid off employee could "bump" or displace another City employee with less seniority.  Additionally, no new employees could be hired until all employees on layoff status qualified to perform work had been recalled.

In November 2009, the City recalled sanitation workers from layoff but did not recall Plaintiff.  Plaintiff alleges that he was entitled to recall based on his seniority.  Plaintiff further alleges that the Manager and City failed to recall Plaintiff due to discrimination on the basis of age, disability, and recorded physical/mental impairment.  On November 16, 2009, Plaintiff's physician released him to return to work.  Plaintiff alleges he attempted to displace the employees with less seniority but was wrongfully refused to return to work by the Manager and City.  Plaintiff also alleges that the City has hired "new substantially younger, non-disabled, employees in the sanitation department without offering to recall Plaintiff."

On June 17, 2011, Plaintiff filed a grievance.  The City denied the grievance on July 5, 2011.  Plaintiff also alleges that the Unions "failed and refused to process his grievances and pursue arbitration on behalf of Plaintiff" because of Plaintiff's age and disability.

Plaintiff filed his Complaint on January 11, 2012, alleging that Defendant Unions breached their duty of fair representation in violation of 29 U.S. C. 185, the City breached the CBA, terminated Plaintiff without due process of law, and discriminated on the basis of age and disability in violation of federal and Ohio law.  The Unions filed a Motion to Dismiss on February 21, 2012, on the grounds that the Court lacks subject matter jurisdiction, the Complaint fails to state a claim, and Defendant Local 1197 had not been properly served.

On April 18, 2012, Plaintiff filed a Motion For Leave to File an Amended Complaint in which the proposed Amended Complaint would remove the claim of breach of duty of fair representation against the Unions. That same day, Plaintiff filed an Opposition to Defendants' Motion to Dismiss. In Plaintiff's Opposition to Defendants' Motion to Dismiss, Plaintiff argued that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction was "moot" because Plaintiff was removing any federal claims against the Unions. Plaintiff further argued that the Court has supplemental jurisdiction over the state discrimination claims against the Unions. Additionally, Plaintiff argued that the state discrimination claims were distinct from the fair representation claim, and therefore, not subject to Defendants' 12(b)(6) arguments. On May 2, 2012, the Unions filed a Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss, arguing that the Court lacks supplemental jurisdiction and, in the alternative, should decline to exercise supplemental jurisdiction.

## LAW AND ANALYSIS

**Motion to Dismiss for Insufficiency of Service**

Defendants move to dismiss the Complaint with respect to Defendant Local 1197 for lack of service of process. However, Plaintiff correctly argues that the Motion was premature because Federal Rule of Civil Procedure 4(m) allowed for service of process until May 10, 2012. Since Plaintiff perfected service on Defendant on April 18, 2012, the Court denies the Motion to Dismiss for Insufficient Process.

**Motion to Dismiss for Failure to State a Claim**

Plaintiff concedes he has removed any federal question claims against the Unions in his

proposed Amended Complaint and does not intend to pursue such claims against the Unions. In fact, Plaintiff has abandoned any federal claims against the Unions since he offers no counter argument against the Unions' arguments, in their Motion to Dismiss, that no federal jurisdiction exists under 29 U.S.C. § 185 for municipal or state employees.  Therefore, the Court grants Defendant Unions' Motion to Dismiss Plaintiff's claims brought under 29 U.S.C. §185 for breach of the duty of fair representation and discrimination based on age and disability brought under federal law.  Plaintiff also abandons his claims for breach of a duty of fair representation under Ohio law.  Therefore, the only question is whether the remaining state discrimination claims against the Unions can survive a 12(b)(6) motion.

Defendants first argue that Plaintiff's Complaint contains mere allegations that cannot survive a 12(b)(6) motion.  Defendants argue that the terms of the CBA were not in effect when Plaintiff was terminated and, therefore, prove the Unions owed no duty of fair representation. However, Plaintiff removed the breach of fair representation claims from the proposed Amended Complaint.  (Doc. 16 at 1) ("the proposed amended complaint eliminates claims of failure to represent.").

Defendants also argue that because the CBA was not in effect, there are no facts to suggest that the Unions "improperly represented [Plaintiff] (and therefore discriminated against him)".  (Doc. 20 at 4).  According to the Unions, Plaintiff was laid off in April 2009 and his right to recall expired in April 2011, before Plaintiff filed a grievance in June 2011.  Defendants argue that because the Unions had no obligation to Plaintiff, Plaintiff cannot show that the failure to fulfill that obligation was discriminatory.  Plaintiff never contests this argument.

Ohio Revised Code Section 4112.02 states in pertinent part:

It shall be an unlawful discriminatory practice:

(C) For any labor organization to do any of the following:

(1) Limit or classify its membership on the basis of race, color, religion, sex, military status, national origin, disability, age, or ancestry;
(2) Discriminate against, limit the employment opportunities of, or otherwise adversely affect the employment status, wages, hours, or employment conditions of any person as an employee because of race, color, religion, sex, military status, national origin, disability, age, or ancestry.

The Court grants Defendants' Motion to Dismiss Plaintiff's Ohio state law discrimination claims against the Unions for failure to state a claim. It is uncontested that the Unions had no duty of fair representation in June 2011. Plaintiff does not contest that the two year recall period expired approximately two months prior to his filing of the June 2011 grievance. (CBA Section 3, para. F). Defendants persuasively argue that this forecloses any recovery under the state discrimination claims since the Unions had no duty at that point to pursue his grievance. Even though the Unions filed his grievance, the plain language of the CBA expressly reserves the decision to seek mediation squarely within the discretion of the Unions. At Section 3, para. D of the CBA, it states, "...the Union ***may***, within ten (10) working days of receipt of answer in Step C, submit the grievance to mediation..." (Emphasis added). Thus, the plain language of the CBA makes discretionary the Unions' decision to pursue mediation after denial of a grievance. In the absence of any allegations of direct discrimination or even allegations of age or disability discrimination based on any conduct other than the Unions failure to pursue mediation, the Plaintiff's state discrimination claims fail as a matter of law.

Additionally, Plaintiff has not presented any factual allegations supporting a discriminatory purpose on the part of the Unions. Rather, Plaintiff merely alleges that "Defendant unions ... discriminated." (Doc. 16-1 at 9). The only facts alleged by Plaintiff, in

5

support of his claims against the Unions are as follows:

> 24. On or about June 17, 2011, Plaintiff filed a grievance demanding that he be reinstated to his position with back pay and benefits.
> 25. On or about July 5, 2011, Defendant, City of Ashtabula, denied the grievance. A copy of the grievance and resulting denial is attached hereto as Exhibit "D."
> 26. Pursuant to the collective bargaining agreement, the union defendants had ten days following the denial of the grievance to request that that matter go to mediation.
> 27. Defendant unions failed to represent Plaintiff and refused to further pursue the grievance on his behalf.
> 28. Defendant unions acting through their representatives, acted in an arbitrary, discriminatory, irrational and bad faith manner, by refusing to process Plaintiff's grievance.

A well-pleaded complaint alleges enough facts, that if accepted as true, "raise the right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "detailed factual allegations" are not required, the facts garnered must be sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). Plaintiff must provide "more than labels and conclusions" in order to survive a motion to dismiss. *Twombly*, at 555.

The Court finds that the allegations in Plaintiff's Complaint that the Unions failed to pursue mediation, a discretionary act under the CBA, fails to plausibly support claims for discrimination based on age and disability, in the absence of additional, plausible, factual allegations of discrimination. Any alleged failure to pursue a grievance does not on its own support Plaintiff's claims. "The duty of fair representation does not require that a union fully pursue every grievance filed." *Driver v. U.S. Postal Service, Inc.,* 328 F.3d 863, 869 (6th Cir. 2003).

Plaintiff's allegation that the Unions failed to represent Plaintiff is belied by the grievance

attached to Plaintiff's Complaint that shows the Unions steward filed the grievance on behalf of Plaintiff and that it was rejected by the City.  Furthermore, while Plaintiff's Complaint alleges younger employees were "restored and/or hired" instead of Plaintiff, these acts were done by the City of Ashtabula and do not evidence or support a claim for discrimination against the Unions in their representation of Plaintiff.  Therefore, the Court finds the Unions are entitled to dismissal under Fed. R.Civ. P. 12(b)(6) for failure to state a claim.

Defendants never move to dismiss any of the claims against the City or Manager; therefore, those claims are not dismissed.  The Court dismisses the claims of unfair representation, found at Count I of the Complaint, and state discrimination claims against the Unions, found at Count III and Count V of the Complaint.  This dismissal is without prejudice.

Plaintiff further moves to amend his Complaint to eliminate all federal claims against the Unions and eliminate all claims for violation of the duty to fair representation under federal and state law against the Unions.  Defendant Unions oppose Plaintiff's Motion to Amend, alleging the amendment is futile.

In deciding whether to permit Plaintiff to amend the Complaint, the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(1)(B).  The Court should consider "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment."  *Miller v. Admin. Office of Courts*, 448 F.3d 887, 898 (6th Cir. 2006), (citing *Perkins Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001)).  Plaintiff argues that justice requires leave here because Defendants will not be prejudiced: "no discovery has been undertaken, and no deadline has yet been set for amending pleadings."  (Doc.

16 at 2). Defendants argue that the proposed Amended Complaint is futile because the Court lacks subject matter jurisdiction and Plaintiff lacks a claim upon which relief can be granted. Defendants are correct that "the futility of amending the plaintiff's complaint [is] appropriate grounds on which to deny the motion to amend." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Additionally, a motion to amend a complaint "is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Id*.

Here, the Court finds Plaintiff's Motion to Amend with respect to his claims against the Unions is futile because the proposed Amended Complaint fails to allege sufficient plausible facts supporting Plaintiff's claims of intentional discrimination based on age and disability. The only factual allegations described in the proposed Amended Complaint supporting Plaintiff's age and disability discrimination claims against the Unions state:

> 39. Defendants AFSCME Local 1197 and AFSCME Ohio Council 8, failed and refused to process his grievances and pursue arbitration on behalf of Plaintiff on account of his age and disability.

For the same reasons as described above, supporting the Court's granting of the Unions' Motion to Dismiss, the Court denies Plaintiff's Motion to Amend with respect to the amendments pertaining to the Unions. The factual allegations in the proposed Amended Complaint fail to plausibly support Plaintiff's claims of discrimination against the Unions. They are stated in conclusory fashion and fail to connect the Unions' alleged failure to pursue arbitration of Plaintiff's grievance with plausible, factual allegations describing discriminatory conduct on the part of the Unions. Therefore, the Court denies Plaintiff's Motion to Amend the Complaint.

IT IS SO ORDERED.

                                               s/ Christopher A. Boyko
                                               CHRISTOPHER A. BOYKO
                                               United States District Judge

Dated: August 7, 2012