# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **LOUIS J. GRIPPI,** | ) | **CASE NO.1:12CV0072** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **CITY OF ASHTABULA ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendants' City of Ashtabula ("the City") and

Anthony Cantagallo ("Cantagallo") Motion for Summary Judgment (ECF # 37).  For the

following reasons, the Court grants Defendants' Motion and dismisses the case.

## I. Background Facts and Procedural History

The relevant facts and procedural history are as follows.  Plaintiff was hired by the

City of Ashtabula as a laborer and driver for the sanitation department on or about July 10,

2006.   On or about December 27, 2008, Plaintiff was injured while on the job, rendering

Plaintiff's ability to perform major life activities substantially impaired.  Beginning on

December 27, 2008, Plaintiff worked in "transitional duty" until he was laid off on April 3,

2009, in accordance with the seniority provisions of his collective bargaining agreement.  On

November 16, 2009, Plaintiff was released to return to work by his physician, without

restrictions.  Thereafter, Plaintiff attempted to exert his "bumping rights" over less senior

employees working in the sanitation department, but was refused to allow to return to work.

On May 20, 2010, Plaintiff filed an unfair labor practice action with the Ohio State of

Employment Relations Board, against both Ashtabula City Manager Anthony Cantagallo and AFSCME Ohio Council 8, Local #1197 ("the Union").  The action was dismissed by the Board on July 22, 2010.

On November 15, 2010, Plaintiff filed a Complaint against Anthony Cantagallo (hereinafter "Cantagallo") and the Union in the Court of Common Pleas for Ashtabula County, Ohio.  In the Complaint, Plaintiff alleged that Cantagallo wrongfully deprived him of his employment with the City of Ashtabula and the Union misrepresented him when the Union refused to arbitrate Cantagallo's alleged wrongful discharge.  In response, Defendant Cantagallo filed a Motion for Judgment on the Pleadings pursuant to Ohio Civ.R. 12(C), contending that Plaintiff had failed to state a claim under Ohio Civ. R. 12(B)(6).  The Union filed a Motion to Dismiss pursuant to Ohio Civ. R. 12(B)(1) and Ohio Civ. R. 12(B)(6).  On August 10, 2011, after Plaintiff failed to respond to Defendants' motions, the State Court granted both motions and issued an Order dismissing the case *with prejudice*.  Plaintiff filed a timely appeal of the state court's decision, but the Court of Appeals for the Eleventh District upheld the dismissal on December 3, 2012. *Grippi v. Cantagallo*, 2012 WL 5995096, ¶ 15 (Ohio App. 11 Dist. 2012).

On August 15, 2011, Defendant Ashtabula hired two new sanitation department employees who were both substantially younger than Plaintiff.

On January 11, 2012, Plaintiff filed his Complaint with this Court.  On August 7, 2012, on a Motion to Dismiss,  the Court dismissed all claims against the Unions.  Defendants Cantagallo and Ashtabula filed their Motion for Judgment on the Pleadings pursuant to Ohio Civ.R. 12(C).  On November 24, 2013, the Court dismissed Plaintiff's Breach of the

Collective Bargaining Agreement and Due Process claims under the doctrine of res judicata.
The Court denied Defendants' Motion for Judgment on the Pleadings on Plaintiff's Age and
Disability Discrimination claims under Ohio law.  On July 29, 2014, the Court granted
Plaintiff's Motion to Amend the Complaint and on August 11, 2014, Defendants filed this
Motion for Summary Judgment.

**Defendants' Motion for Summary Judgment**

Defendants Cantagallo and City of Ashtabula move for summary judgment on
Plaintiff's remaining discrimination claims.  According to Defendants, Plaintiff's entire
employment period with the City of Ashtabula was governed by a Collective Bargaining
Agreement ("CBA").  On December 27, 2008, Plaintiff slipped and fell on ice while picking
up garbage.  From the time of this accident until April 3, 2009, Plaintiff was placed on light
duty assignment and received full pay.  Plaintiff was laid off according to the seniority
provisions of the CBA effective April 3, 2009.  Plaintiff never filed a grievance on the lay off.
Around this time, Ashtabula laid off four other workers.  Plaintiff was not cleared by his
physician to return to his prior duties until November 16, 2009.

Defendants argue there were no open positions at the time Plaintiff was cleared to
return to work without restrictions.  During the time Plaintiff was ineligible to return to work
due to his physician's restrictions, Ashtabula recalled two previously laid off laborers.
Plaintiff believes he should be able to exercise his "bumping" rights under the CBA due to his
seniority over the two recalled laborers.   However, Defendants contend the express language
of the CBA mandates that any laid off Union member must exercise their bumping rights
within five days of their layoff notice.   Article XIII, Section 2 of the CBA between the City

3

of Ashtabula and Local 1197 of the American Federation of State, County and Municipal

Employees Ohio Council 8 AFL-CIO for the period of May 1, 2006 through April 30, 2009

reads in pertinent part:

> When a layoff is necessary, employees shall be laid off in accordance with
> inverse City-wide seniority within their classification and department.  An
> employee who is laid off shall be able to "bump" (displace) another employee
> with less City-wide seniority. ***Employee shall notify the City that he/she
> wishes to exercise his/her right to "bump" within five (5) calendar days of
> receipt of their notification of layoff.***  When an employee "bumps" to another
> classification it is agreed that the employee must be able and qualified to
> perform the duties of the new job within ten (10) calendar days.  (Emphasis
> added).

Defendants contend Plaintiff never complied with the five day notification

requirement after he received notice sometime in March 2009 that he was to be laid off on

April 3, 2009.[1] Instead, Plaintiff waited until November 16, 2009, the date he was cleared by

his physician to return to work with no limitations, to notify Defendants of his intent to

exercise his bumping rights.  According to Defendants, Plaintiff could not exercise this right

since the notification period was long past.  Furthermore, Defendants contend there were no

open positions in the Sanitation Department on November 16, 2009.

Defendants further contend Plaintiff could not exercise his bumping rights in June

2011 over another employee recalled from layoff in June 2011 because the CBA contains a

recall period of two years from the date of layoff.  Since Plaintiff was laid off in April 2009

his right to recall expired in April 2011.  Nor could Plaintiff bump a person rehired in 2010

because the rehired individual had greater seniority than Plaintiff.  Finally, Defendants assert

---

[1]     The layoff letter to Plaintiff is dated March 20, 2009 and there is a stamp in the
        upper right hand corner that reads RECEIVED and indicates Mar of 2009 but the
        day is illegible.

4

there were no new hires in the Sanitation Department from April 3, 2009, the date Plaintiff was laid off, through April 3, 2011, the date Plaintiff's recall rights expired.

Defendants argue that Cantagallo is immune from individual liability pursuant to Ohio Revised Code Section 2744.03, which provides employees of political subdivisions immunity for negligent acts committed while carrying out official duties.  Because Plaintiff's Amended Complaint does not allege Cantagallo acted outside the scope of his duties and there are no facts supporting an allegation that Cantagallo that acted with malice or recklessness, Defendants argue Cantagallo is immune from any individual liability.

Defendants next argue that Plaintiff's age discrimination claim under O.R.C. § 4112.14 fails because Plaintiff has never alleged his layoff was due to discriminatory motive nor has Plaintiff ever applied for a position in the Sanitation Department after his layoff. Because  § 4112.14 applies to unlawful hiring and discharge, Plaintiff cannot demonstrate he was discriminated against based on his age in violation of this subchapter because he claims discrimination for failure to recall him.

Defendants also claim Plaintiff's disability discrimination claim is barred by res judicata because he could have asserted this claim in his state court action, which was dismissed in August of 2011.  By failing to include the claim in his state suit, Plaintiff is barred from asserting it here.

Lastly, Defendants contend Plaintiff cannot make a prima facie case of disability discrimination because he was not disabled after November 16, 2009, as evidenced by his doctor clearing him to work with no restrictions.  Even if he could show disability, Plaintiff cannot show an adverse employment action since he was not entitled to recall and never

5

applied for a position after November 2011.  Therefore, Defendants contend they are entitled to summary judgment on all Plaintiff's claims.

**<u>Plaintiff's Opposition</u>**

Plaintiff contends Defendants' failure to recall him was due to age and disability discrimination.  According to Plaintiff, he was forty-eight years old when he was hired as a laborer with the City of Ashtabula's Sanitation Department in 2006.  The job entails strenuous physical work, including having to lift objects up to one hundred pounds.  Plaintiff suffers from high blood pressure, an irregular heartbeat and incurred injuries while performing his duties as a laborer that required he be placed on light duty.  Plaintiff was laid off while he was still on light duty.  Plaintiff acknowledges that his layoff was due to financial difficulties the City of Ashtabula was suffering at the time. (Brief In Opposition pg. 3). When he was laid off, Plaintiff contends Ashtabula officials knew his medical condition and physical limitations.   In the fall of 2009, Plaintiff says Ashtabula began hiring back laid off sanitation workers, including workers less senior than Plaintiff but passed him over due to Plaintiff's health-related work restrictions.   Plaintiff argues he was capable of coming back to work at that time, albeit with restrictions.  Plaintiff was ultimately able to return to work with no restrictions on November 16, 2009.  Less than a month prior to Plaintiff's medical clearance, another less senior laborer was recalled.   Similarly, in June 2011, Ashtabula recalled another employee with less seniority than Plaintiff and in November 2011, Ashtabula hired two new employees who were substantially younger than Plaintiff.  Defendants knew Plaintiff wanted to return to work, yet never recalled him despite recalling less senior employees and hiring new, younger employees.  Plaintiff, in his deposition, recounts that when he was applying for

6

the position, Dominic Iarocci, a supervisor with the City of Ashtabula, told him "your age is working against you." Thus, Plaintiff argues the recall and hire of younger workers, combined with the knowledge that his supervisor thought his age was a potential detriment, creates genuine issues of fact that mandate Defendants' Motion be denied.

Furthermore, Plaintiff argues Cantagallo is not entitled to individual immunity under Ohio law because a jury could find his conduct, in not recalling Plaintiff because of his age and disability, amounted to malicious purpose, bad faith or wanton or reckless. Also, Plaintiff argues Ohio's public employee immunity statute does not apply to employment actions. Plaintiff also challenges the constitutionality of Ohio's Sovereign Immunity statute based on a case out of the Southern District of Ohio. In addition, Plaintiff contends the Defendants did not recall him to work prior to November 2009 because he was disabled, as evidenced by the deposition response of Ashtabula Human Resources and Payroll Administrator Carolyn Sheldon, who testified Plaintiff was not recalled because "he was disqualified because he couldn't go back to work as a laborer in the sanitation department." (Sheldon depo. 51).

Plaintiff also argues that Ashtabula considered him disabled because they failed to recall him after he was medically cleared to return to work without restrictions in November 2009. Plaintiff contends he suffered adverse employment actions in that he was not recalled prior to November 2009 because of his disability and was not recalled after November 2009 because of his perceived disability. Plaintiff filed a grievance through the Union in July 2011 that put Ashtabula on notice that he was looking to return to work at the time it hired two new employees.

Finally, Plaintiff contends Defendants' stated reasons for not recalling Plaintiff are

mere pretext because the CBA does not require an employee be fully capable of doing all the requirements of a position in order to be recalled.  Instead, Art XIII Section 4(A) of the CBA allows an employee to exercise seniority rights over any other position in the service of the city to which the employee is qualified.  Also, Plaintiff argues he was qualified for the transitional work he was doing when laid off and there was no reason he could not be recalled to that position until he was medically cleared to return to his old job.  In fact, Defendants could not establish that doing so would work any hardship on Ashtabula.   Yet, knowing Plaintiff wanted to return to work, Defendants instead hired new, younger employees.  This, according to Plaintiff, demonstrates pretext.

## II.  LAW AND ANALYSIS

A summary judgment should be granted if the pleadings, depositions, documents, electronically stored information, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See Fed.R.Civ.P. 56(a) and (c).  The burden is on the moving party to conclusively show no genuine issue of material fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir.1994); and the court must view the facts and all inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).  Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim.  *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.  This Court does

8

not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass'n.*, 78 F.3d 1079, 1087 (6th Cir.1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir.1992).  The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment.  *Celotex*, 477 U.S. at 323.  Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

## Age Discrimination under Ohio Revised Code Sections 4112.14 and 4112.99

When a federal court considers Ohio state law statutory discrimination claims. the Court analyzes the claims the same as it would a claim brought under federal statute.  "Under Ohio law, the elements and burden of proof in a state age-discrimination claim parallel the ADEA analysis." *Ercegovich v. Goodyear Tire & Rubber Co.,* 154 F.3d 344, 357 (6th Cir.1998).  If the state law claim is based on circumstantial evidence as here, the Court applies the burden shifting analysis found in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973). See also *Rowan v. Lockheed Martin Energy Sys., Inc.,* 360 F.3d 544, 547 (6th Cir.2004).  Plaintiff must first present sufficient evidence to establish a prima facie claim for age discrimination.  To do so, Plaintiff must demonstrate: (1) the plaintiff was a member of a protected age class (i.e., at least forty years old); (2) the plaintiff suffered an adverse

9

employment decision; (3) the plaintiff was qualified for the job or promotion; and (4) the employer gave the job or promotion to a younger employee. *See id.*  Once Plaintiff satisfies these elements the burden then shifts to Defendant to articulate a legitimate, non-discriminatory reason for the adverse employment decision.  *Weigel v. Baptist Hosp. of E. Tenn.,* 302 F.3d 367, 377 (6th Cir.2002).  Plaintiff must then present evidence that Defendant's stated reason for the adverse employment action is pretext.  *Id.* at 378.

O.R.C. § 4112.14 states in pertinent part:

(A) No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee.

(B) Any person aged forty or older who is discriminated against in any job opening or discharged without just cause by an employer in violation of division (A) of this section may institute a civil action against the employer in a court of competent jurisdiction. If the court finds that an employer has discriminated on the basis of age, the court shall order an appropriate remedy which shall include reimbursement to the applicant or employee for the costs, including reasonable attorney's fees, of the action, or to reinstate the employee in the employee's former position with compensation for lost wages and any lost fringe benefits from the date of the illegal discharge and to reimburse the employee for the costs, including reasonable attorney's fees, of the action. The remedies available under this section are coexistent with remedies available pursuant to sections 4112.01 to 4112.11 of the Revised Code; except that any person instituting a civil action under this section is, with respect to the practices complained of, thereby barred from instituting a civil action under division (N) of section 4112.02 of the Revised Code or from filing a charge with the Ohio civil rights commission under section 4112.05 of the Revised Code.

(C) The cause of action described in division (B) of this section and any remedies available pursuant to sections 4112.01 to 4112.11 of the Revised Code shall not be available in the case of discharges where the employee has available to the employee the opportunity to arbitrate the discharge or where a discharge has been arbitrated and has been found to be for just cause.

10

O.R.C. § 4112.99 states:

Whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief.

The Ohio Supreme Court has held that "an age discrimination claim brought pursuant to R. C. 4112.99 is subject to the substantive provisions of R.C. 4112.02 and 4112.14." *Meyer v. United Parcel Service,* 122 Ohio St.3d 104, 113 (2009).  Thus, the same analysis applies to claims brought under both subsections of 4112.

Here, the parties do not dispute Plaintiff was over forty years of age at the time other individuals, who were younger than Plaintiff, were recalled or hired.  At the time of his layoff, Plaintiff was 51 years old.  Plaintiff contends he suffered adverse employment actions when he was not recalled to his position as laborer with the Ashtabula Sanitation Department both prior to November 16, 2009 (the date he was cleared by his physician to work without restrictions) and after November 16, 2009, while younger, laid off employees were recalled.  Also, younger new employees were hired when Defendants' knew Plaintiff wanted to return to work.

Neither side disputes that Anthony Presciano was recalled to work on October 1, 2009 and that Presciano had less seniority and was younger than Plaintiff.  Ian Elliot, also younger than Plaintiff with less seniority, was recalled on November 2, 2009,.  In August of 2011, Ashtabula hired two more laborers in the Sanitation Department, both of whom were younger than Plaintiff.

The main dispute centers around element three of the prima facie showing of age discrimination.   No one disputes that Plaintiff was incapable of performing the duties of a laborer from December of 2008 until November 16, 2009.  Neither side disputes that

11

Ashtabula's Transitional Duty Program allowed for an employee to be on light duty for up to

ninety days and that Plaintiff had used the full ninety days prior to his lay off.  At the time he

was laid off, Plaintiff was unable to perform the necessary duties of a laborer, including

lifting fifty pounds regularly and up to one hundred pounds on occasion.

Plaintiff does not allege his lay off was discriminatory, nor does he allege it was an

adverse employment action.   Both sides agree that Plaintiff was unable to perform the duties

of a laborer when Presciano and Elliott were recalled.   The undisputed testimony from

Human Resources Manager Carolyn Sheldon and City Manager Anthony Cantagallo is that

Presciano and Elliott, although less senior than Plaintiff, were recalled because, at the time of

their recalls, Plaintiff was still under doctor's restrictions and could not perform the work of a

laborer.  Plaintiff does not dispute this, but argues instead that he could have been returned to

the Transitional Duty position until he was cleared.

The Court finds Plaintiff cannot support element three of a prima facie case that he

was qualified to perform the job that was given to less senior, younger employees.   All

parties agree Plaintiff's employment was governed by the CBA.  At Article XIII, Section 3(B)

it reads:

> Employees shall be recalled from layoff according to their seniority and
> Qualifications to perform available work.

Plaintiff does not dispute that at the time of the Presciano and Elliott recalls he could

not perform the functions of laborer.  Therefore, he was not subject to recall until he was

medically cleared, which did not occur until November 16, 2009.  Nor could Plaintiff exercise

his bumping rights because those contractually created rights expired five days after he was

notified he was to be laid off, some six months prior.

Neither can Plaintiff show he was entitled to recall instead of employees recalled or hired after April 2011 because the CBA expressly states that recall rights expire after two years.  See Art. XIII, Section 3(F).  ("Employees who are laid off shall remain on the recall list for a period of two (2) years.").   Plaintiff does not dispute Defendants' affidavit testimony that there were no open positions from November 16, 2009 through April 3, 2011.  After Plaintiff was medically cleared to return to work without restrictions and before the expiration of Plaintiff's two year recall period there was only one recalled employee.  That recalled employee had greater seniority than Plaintiff.

Lastly, neither side disputes that, after his recall period had expired, Plaintiff did not apply for a position with Defendant.  Therefore, Plaintiff cannot show he applied for a position with Defendants and was denied it based on his age as relates to those positions which Defendants hired younger employees after April 3, 2011.

Therefore, for the foregoing reasons, Plaintiff's age discrimination claims brought under O.R.C. § 4112.14 and O.R.C. §  4112.99 fail and Defendants are entitled to summary judgment on these claims.

**<u>Disability Discrimination</u>**

Ohio's Disability Discrimination statute, Ohio Rev.Code § 4112.02(A) provides:

It shall be an unlawful discriminatory practice "[f]or any employer, because of the ... [disability] ... of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire,tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

In order to establish a disability discrimination claim under Ohio law, the plaintiff

must show: (a) he was disabled as defined under the statute, (b) was otherwise qualified to perform the job requirements with or without reasonable accommodation, and (c) he suffered an adverse employment action solely by reason of his disability. *Monette v. Elec. Data Sys. Corp.,* 90 F.3d 1173, 1178 (6th Cir.1996), abrogated on other grounds by *Lewis v. Humboldt Acquisition Corp.,* 681 F.3d 312 (6th Cir.2011) (en banc).  Plaintiff must demonstrate that "But-for" the alleged discrimination the adverse employment action would not have been taken. *Lewis,* 681 F.3d at 321.

The Court finds that Plaintiff's disability discrimination claim fails for the same reasons his age discrimination claim fails.   Plaintiff's employment was governed by the CBA.  Plaintiff has not alleged his lay off was due to any discriminatory motive and he was not recalled because the undisputed evidence is Plaintiff was unable to perform the essential duties of a laborer at the time those with less seniority were recalled.

Plaintiff does not offer any evidence he could have performed the essential tasks of a laborer position with some  reasonable accommodation.  Instead, he contends he could have been returned to transitional duty.  However, Plaintiff does not dispute he had used the ninety days allotted such a duty before he was laid off.   Transitional duty is a temporary duty and "the ADA does not require the employer to create a new position for the plaintiff as an accommodation." *Belasco v. Warrensville Heights City School Dist.* Case No. 13 CV 546, 2015 WL 236138, 13 (N.D.Ohio, Jan. 16, 2015) *citing Kleiber v. Honda of Am. Mfg., Inc.,* 485 F.3d 862, 869 (6th Cir.2007).

In short, the evidence presented demonstrates that Defendants complied with the requirements under the CBA.   Plaintiff's lay off and recall were governed by its

requirements.  Plaintiff was not eligible for recall when less senior laid off employees were recalled because Plaintiff was not qualified to perform the functions of a laborer.  When Plaintiff was ultimately cleared, the undisputed evidence demonstrates there were no openings until after his recall rights expired.  Plaintiff never applied for a position after his recall rights expired.  Therefore, Plaintiff cannot show his was discriminated against  based on a disability.

Therefore, for the foregoing reasons, the Court finds Defendants are entitled to summary judgment on Plaintiff's age and disability discrimination claims brought under Ohio law.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated:  March 23, 2015

15